UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL FRANCIS BUCKLE, *Plaintiff,* vs. NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, *Defendant.* | § § § § § § § § § § § § | NO. 4:17-CV-3129 |

## MEMORANDUM AND ORDER
## ON CROSS MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Daniel Francis Buckle ("Mr. Buckle" or "Plaintiff") sought review of the denial of his request for disability and disability insurance benefits under Title II of the Social Security Act ("the Act"). ECF No. 1. The Parties consented to have this Court conduct all proceedings in this matter pursuant to 28 U.S.C. § 636(c) and filed cross-motions for summary judgment. ECF Nos. 15, 16. Based on the briefing and the record, the Court **DENIES** Plaintiff's motion, **GRANTS** the Commissioner of the Social Security Administration's ("Commissioner") motion, and **DISMISSES** the action **with prejudice**.

### I.
### BACKGROUND

Mr. Buckle is a 55-year-old man. R. 201. He completed college and worked

as an insurance salesman since before 1992 until April 2011, when he stopped working due to alcoholism. R. 193-94. He has been sober since sometime in 2011. R. 257.

On August 30, 2014, Mr. Buckle filed an application under Title II seeking benefits beginning on April 25, 2011 based on alcoholism, depression, Attention Deficit Hyperactivity Disorder ("ADHD"), hypertension, sleep apnea, obesity, and an eating disorder. R. 177-80, 193. On January 22, 2015, the Commissioner denied his claim. R. 90-93. On February 5, 2015, Plaintiff requested reconsideration of his claim. R. 94-95. On March 23, 2015, the Commissioner again denied his claim. R. 97-99. In May 2015, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. 100-05. ALJ Susan Soddy conducted a hearing on June 15, 2016. R. 15. Plaintiff and Rosalind Lloyd, a vocational expert, testified. R. 15.[1] On

---

[1] Other key evidence before the ALJ included the following: (1) Plaintiff's medical records from Memorial Hermann Hospital (July 2011) regarding his rehabilitation for alcohol dependence, treating physician/internist Dr. John Ott (November 2010—September 2014), treating psychiatrist Dr. Marisa Suppatkul (May 2011—February 2016), treating counselor Benjamin Carrettin (June 2012—June 2013), treating physician Dr. Arun Jain (December 2014), treating physician Dr. William ("Tim") McFarland (January 2016—March 2016), Victoria Gastroenterology (February 2016—March 2016), Premier Sleep Disorders Center (March 2016), and allergist Dr. Lewis Brown (October 2002), R. 263-300, 308-380, 387-641, 647-745; (2) assessments by Plaintiff's treating psychiatrist, Dr. Suppatkul, including a statement of disability (dated April 21, 2015), a letter regarding her treatment (dated May 12, 2015), and a mental residual functional capacity questionnaire (dated February 16, 2016), R. 636, 638-39, 642-46; (3) a neuropsychological evaluation by psychologist Dr. Arthur Tarbox, dated March 26, 2012, R. 301-07; (4) an assessment by a consultative examining psychiatrist, Dr. Raul Capitaine, dated December 5, 2014, R. 381-86; (5) assessments by non-examining state agency consultative physicians Dr. Robin Rosenstock and Dr. Karen Lee, dated January 15, 2015 and March 13, 2015, respectively, R. 61-66, 82-84, 86-87; (6) assessments by non-examining state agency consultative psychologists Dr. Richard Campa and Dr. Don Marler, dated January 20, 2015 and March 16,

2

September 19, 2016, the ALJ issued a decision, denying Mr. Buckle's application for benefits. R. 12-31.[2]

On September 28, 2016, Mr. Buckle requested the Appeals Council to review the ALJ's decision. R. 176, 257-62. Three months after the hearing, Plaintiff provided new evidence to the Appeals Council—a consultative evaluation by a non-treating psychologist, Dr. Adrianna Strutt. R. 259; *see* ECF No. 15-2. On August 18, 2017, the Appeals Council denied Buckle's request for review. R. 1-3; *see Sims v. Apfel*, 530 U.S. 103, 106 (2000) (explaining that when the Appeals Council denies the request for review, the ALJ's opinion becomes the final decision).

On October 17, 2017, Mr. Buckle filed this civil action, complaining that the

---

2015, respectively, R. 66-71, 74-82, 84-86; and (7) a function report filled out by Plaintiff, dated September 10, 2014, R. 210-19.

[2] The ALJ determined Mr. Buckle was not disabled at Step Five. R. 24-25. At Step Two, the ALJ found Plaintiff had the following medically determinable and severe impairments: obesity, asthma, depression, and ADHD. R. 18. She also found he had hypertension and sleep apnea, but that they were not severe. R. 18. At Step Three, the ALJ found these impairments or combination of impairments do not rise to the level of severity of the impairments in Listings 3.02, 3.03, 12.02, 12.04, and 1.00(B)(2)(b). R. 18-20. At Step Four, she found Plaintiff has the residual functional capacity to perform medium work, but he cannot climb ropes, ladders, or scaffolds; he can occasionally climb ramps and stairs, bend, stoop, squat, kneel, crawl, and crouch; and he cannot work in environments with air pollutants/irritants. R. 20. He is limited to simple, routine tasks that do not require more than occasional interaction with the public. R. 20. The ALJ determined that, while his medically determinable impairments could reasonably be expected to cause his alleged symptoms, his statements concerning their intensity, persistence, and limiting effects are not entirely credible. R. 20. At Step Five, the ALJ found that, while Plaintiff was not capable of performing his past work, he could adjust to other work. R. 23-25.

Appeals Council failed to consider his new evidence.[3] ECF No. 1; ECF No. 15 at 2. The Commissioner argues that there is substantial evidence in the record to support the ALJ's decision. ECF No. 16 at 8.

## II.
## STANDARD OF REVIEW

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner …, with or without remanding the cause for a rehearing. The findings of the Commissioner … as to any fact, if supported by substantial evidence, shall be conclusive …. The court … may at any time order additional evidence to be taken before the Commissioner …., but only upon a showing that there is new evidence which is material ….

*Id*. Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied. *Id*.; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). It is "something more than a scintilla but less than a

---

[3] Although Plaintiff has other impairments, his mental impairments form the basis of his appeal. Therefore, the Court will consider the medical records related to Plaintiff's mental impairments. *See Harris v. Colvin*, No. H-13-2893, 2014 WL 12540446, at *4 (S.D. Tex. June 12, 2014).

preponderance." *Id*. A reviewing court may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).

"The Regulations provide a claimant the opportunity to submit new and material evidence to the Appeals Council for consideration when deciding whether to grant a request for review of an ALJ's decision." *Padron v. Colvin*, No. 3:12-CV-2556, 2013 WL 6697815, at *11 (N.D. Tex. Dec. 19, 2013) (citing 20 C.F.R. § 404.970(b)).

> When a claimant submits new evidence to the Appeals Council, the Council must consider the evidence if it is new and material and if it relates to the period on or before the ALJ's decision. If the evidence is considered, then the Appeals Council will review the ALJ's decision only if the ALJ's action, findings, or conclusion is contrary to the weight of the evidence in the record as a whole. Otherwise, the Appeals Council will deny the claimant's request for review.

*Hardman v. Colvin*, 820 F.3d 142, 150 (5th Cir. 2016) (internal quotation marks and citations omitted). If the Appeals Council finds the additional evidence is *not material* or there is *no reasonable probability that it would change the outcome of the decision*, however, the Appeals Council will not consider the additional evidence and will not include it as an exhibit. *See* HALLEX § I-3-5-20 (May 1, 2017).

# III.
# PLAINTIFF ALLEGED THE APPEALS COUNCIL ERRED BY NOT CONSIDERING HIS ADDITIONAL EVIDENCE

Plaintiff's only issue on appeal is that the Appeals Council failed to consider the new evidence he submitted with his request for review. ECF No. 15 at 2, 6. He alleged that if the Appeals Council had considered this evidence, a different and favorable outcome would have been reached. *Id*. at 5.

### A. The Appeals Council Was Not Required To Explain Its Reasons For Denying Review.

The Appeals Council denied Mr. Buckle's request for review, stating:

You submitted an Independent Medical Evaluation from Adriana Strutt, Ph.D., dated September 1, 2016 and November 21, 2016 (11 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence.

R. 2. Plaintiff contended this language is internally inconsistent and suggests the Appeals Council did not review the evidence though it was required to do so. ECF No. 15 at 15.

"[T]he regulations do not require the Appeals Council to discuss the newly submitted evidence, nor is the Appeals Council required to give reasons for denying review." *Whitehead v. Colvin*, 820 F.3d 776, 780 (5th Cir. 2016) (citing *Sun v. Colvin*, 793 F.3d 502, 511 (5th Cir. 2015)). Moreover, the Appeals Council's explanation for its denial of review is consistent with the regulations and it is not required to do more. The Appeals Council explicitly stated that "this evidence does not show a reasonable probability that it would change the outcome of the decision."

R. 2. This indicates that the Appeals Council did in fact review the evidence but did not find it material. Therefore, it was not required to further consider, discuss, or exhibit the evidence or grant review. *See Johnson v. Berryhill*, No. 17-2713, 2018 WL 3223512, at *6 (S.D. Tex. July 2, 2018) (affirming denial of social security benefits where "Appeals Council did not consider and exhibit the evidence, nor did the Appeals Council provide a rationale" for denying review).[4] Even if the denial of review was not clearly worded, this is not a basis for reversal.

### B. Any Error By The Appeals Council Was Harmless.

"The evidence submitted to the Appeals Council must be both new and material to trigger a remand." *Quintanilla v. Colvin*, No. EP-12-CV-444, 2014 WL

---

[4] Plaintiff relied on *Flowers v. Comm'r of Social Security*, 441 F. App'x 735 (11th Cir. 2011) and *Perkins v. Astrue*, No. 2:11-603-C, 2012 WL 2508025 (S.D. Ala. June 29, 2012), arguing that the Appeals Council must explain its reasons for denying review. In both *Flowers* and *Perkins*, the court remanded the case for further consideration of new evidence from ***treating sources*** that were submitted to the Appeals Council and where the Appeals Council denied review without explaining its rationale. *Flowers*, 441 F. App'x at 745-47; *Perkins*, 2012 WL 2508025, at *4. Both cases relied on *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980) for the proposition that the Appeals Council must show in its written denial that it adequately evaluated the new evidence. *Flowers*, 441 F. App'x at 745; *Perkins*, 2012 WL 2508025, at *3. However, these cases are inapplicable here. First, they are factually distinguishable because this case did not involve a treating doctor, but a consultant. In addition, this Court is not bound to follow Eleventh Circuit or Alabama district court precedent. Further, the Fifth Circuit recently held *Epps* inapplicable to cases like this because it "arose in a different procedural context where the Appeals Council affirmed the decision of the ALJ and thus has little bearing on a denial of a request for review." *Whitehead v. Colvin*, 820 F.3d 776, 780 n.1 (5th Cir. 2016); *accord Sun v. Colvin*, 793 F.3d 502, 511 (5th Cir. 2015) (same). Moreover, in 1995—after *Epps* was decided—the Social Security Commissioner suspended the requirement that the Appeals Council must discuss its reasons for denying review. HALLEX section I–3–5–90, 2001 WL 34096367 (July 20, 1995). The Fifth Circuit and district courts in the Fifth Circuit have recognized this change and have declined to remand on that basis. *See, e.g.*, *Neal v. Colvin*, No. H-12-1255, 2013 WL 2431973, at *15 (S.D. Tex. June 4, 2013) (citing *Higginbotham v. Barnhart*, 405 F.3d 332, 335 n.1 (5th Cir. 2005)).

7

1319298, at *7 (W.D. Tex. Mar. 27, 2014) (citation omitted). "Evidence is material if: (1) it relates to the time period for which the disability benefits were denied; and (2) there is a reasonable probability that it would have changed the outcome of the disability determination." *Id.* (citing *Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003)). The Appeals Council found there was no reasonable probability that Plaintiff's new evidence would have changed the outcome of the disability determination. R. 2. The Defendant does not contest that the evidence is new or relates to the relevant time period,[5] but contends the evidence does not meet the materiality requirement. ECF No. 16 at 12. The Court agrees.

First, Dr. Strutt is not a treating psychologist. She met Plaintiff only once on September 1, 2016. ECF No. 15-2 at 1. "A physician who performs a one-time consultative examination is not due special deference as a treating physician." *Peña v. Berryhill*, No. EP-15-CV-342, 2018 WL 3199468, at *4 (W.D. Tex. June 28, 2018) (citing *Robinson v. Astrue*, 271 F. App'x 394, 396 (5th Cir. 2008)).[6]

---

[5] Dr. Strutt's evaluation is dated November 21, 2016, after the ALJ issued her decision. ECF No. 15-2 at 10. The evaluation is based on Dr. Strutt's September 1, 2016 clinical interview of Plaintiff, before the ALJ issued her decision on September 19, 2016. *Id.* at 1. The Court notes the ALJ held the record open for two weeks following the June 15, 2016 hearing for submission of additional evidence. R. 59-60. Plaintiff's counsel did not receive the evaluation until November 21, 2016. R. 259-60.

[6] Plaintiff relied on *Mills v. Colvin*, No. 4:14-CV-959, 2015 WL 12570839 (S.D. Tex. Oct. 19, 2015) and *Bond v. Colvin*, No. 4:14-CV-1134 (S.D. Tex. June 12, 2015), ECF No. 14, to support his argument that the case should be remanded. However, these cases are distinguishable. In both cases, the claimant submitted new evidence from a treating source to the Appeals Council. *Mills*, 2015 WL 12570839, at *3, 14; *Bond*, No. 4:14-CV-1134, ECF No. 14 at 9, 18-21. In each case, the court found the evidence was material, in large part because it was submitted by a treating

Furthermore, Dr. Strutt's diagnosis is cumulative of evidence already in the record. "[N]ew evidence that is merely cumulative of evidence already considered by the ALJ is not material and, therefore, does not require remand." *Padron*, 2013 WL 6697815, at *12. Dr. Strutt diagnosed Plaintiff with depression. ECF No. 15-2 at 4. However, significant other evidence in the record already showed Plaintiff was diagnosed with depression. The ALJ specifically considered such evidence and at Step Two, found Plaintiff had severe depression. R. 18. She took this and his corresponding mental limitations into account and found (1) Plaintiff could not perform his past work and (2) other work should be limited to simple, routine tasks that do not require more than occasional interaction with the public. R. 20, 23-25.[7]

To the extent Dr. Strutt opined that Plaintiff "is unlikely to maintain consistent gainful employment without mental health declines and disruptions," this constitutes

---

source, whose opinion is typically entitled to controlling weight, and it undermined the ALJ's decision. *Mills*, 2015 WL 12570839, at *15-16; *Bond*, No. 4:14-CV-1134, ECF No. 14 at 17-21. Notably, in *Bond*, the ALJ had no opinions from the claimant's treating physicians for consideration and specifically noted this evidentiary gap in his denial of benefits. No. 4:14-CV-1134, ECF No. 14 at 9, 17. In contrast, here Plaintiff's new evidence to the Appeals Council is from a one-time examining source. *See also, e.g., Alvarez v. Colvin*, No. H-15-127, 2015 WL 12532483, at *2 (S.D. Tex. Dec. 22, 2015) (finding new medical opinion evidence was not material in part because doctor was not a treating physician), *report and recommendation adopted*, 2016 WL 4801586 (S.D. Tex. Jan. 12, 2016); *accord Quintanilla v. Colvin*, No. EP-12-CV-444, 2014 WL 1319298, at *8 (W.D. Tex. Mar. 27, 2014) (same).

[7] *See Harris*, 2014 WL 12540446, at *8 (finding new evidence of diagnosis of depression was not material where ALJ already considered claimant's diagnosis of depression, found claimant "not disabled" anyway, and already limited claimant to work that requires no more than occasional interaction with the public); *accord Padron v. Colvin*, No. 3:12-CV-2556, 2013 WL 6697815, at *12-13 (N.D. Tex. Dec. 19, 2013) (finding new evidence was not material where ALJ already considered similar evidence contained elsewhere in the record).

an improper opinion as to ultimate issue of disability which is within the sole province of the ALJ. *See Padron*, 2013 WL 6697815, at *13 (finding new evidence was not material because opinion was essentially a finding of disability, which is a determination reserved for the Commissioner); *accord Joseph v. Berryhill*, No. H-16-2892, 2017 WL 4682182, at *10 (S.D. Tex. Oct. 10, 2017). Moreover, this opinion is contrary to the evidence and may be rejected. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)).

Thus, the Court concludes the Appeals Council committed no legal error. Even assuming the Appeals Council erred by not exhibiting the new evidence or not giving it more in-depth consideration, the error was harmless because Plaintiff has not shown the result would be any different. *See, e.g.*, *Armontroutt v. Colvin*, No. 4:14-CV-01031-O-BL, 2016 WL 4400475, at *4 (N.D. Tex. July 25, 2016) ("An error is harmless if correcting it would not produce a different result and prejudicial if it would."), *report and recommendation adopted*, 2016 WL 4376281 (N.D. Tex. Aug. 17, 2016). "Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." *Ramirez v. Berryhill*, No. M-15-352, 2017 WL 6026493, at *8 (S.D. Tex. Oct. 26, 2017) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)), *report and recommendation adopted*, 2017 WL 5997771 (S.D. Tex. Dec. 4, 2017).

### C. Substantial Evidence Supports The Commissioner's Decision.

The Fifth Circuit has held that "even when new and material evidence submitted to an Appeals Council is 'significant' and 'casts doubt on the soundness of the ALJ's findings,' the Appeals Council does not err in refusing to review the claimant's case if it can be determined that substantial evidence nevertheless supports the ALJ's denial of benefits." *Hardman*, 820 F.3d at 151 (quoting *Sun*, 793 F.3d at 511-12). The reviewing court "should remand only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported." *Padron*, 2013 WL 6697815, at *11 (citing *Higginbotham v. Barnhart*, 405 F.3d 332, 281-82 (5th Cir. 2005)); *accord Morton v. Astrue*, No. 3:10-CV-1076, 2011 WL 2455566, at *8 (N.D. Tex. June 20, 2011) ("The proper inquiry concerning new evidence [presented to the Appeals Council] takes place in the district court, which considers whether, in light of the new evidence, the Commissioner's findings are still supported by substantial evidence.") (citing *Higginbotham v. Barnhart*, 163 F. App'x 279, 282 (5th Cir. 2006)). The Court finds substantial evidence exists.

### 1. Plaintiff was able to handle his activities of daily living.

The ALJ emphasized that despite mild restrictions, Mr. Buckle is independent in his activities of daily living ("ADLs"), cares for himself and his home, and interacts with others. R. 19. Indeed, Plaintiff reported he lives alone;[8] maintains his

---

[8] Dec. 5, 2014 (R. 385).

residence;[9] drives himself;[10] prepares meals including occasional grilling;[11] bathes himself;[12] handles finances;[13] goes shopping;[14] performs household chores including laundry, cleaning, and mowing the lawn;[15] takes care of his dog;[16] goes fishing;[17] goes bird hunting;[18] and is able to walk one to two miles before needing to rest.[19] On January 27, 2016, he reported to his doctor that he is able to maintain relationships. R. 732. He regularly attends AA meetings[20] and communicates or spends time with his sponsors, other friends from AA, his neighbors, and his children.[21] On multiple occasions in 2012 and 2013, he reported to doctors that he was still going to the

---

[9] Sept. 10, 2014 (R. 212); Dec. 5, 2014 (R. 386).

[10] Sept. 10, 2014 (R. 214); Dec. 5, 2014 (R. 382).

[11] June 15, 2016 (R. 48); Sept. 10, 2014 (R. 213); Dec. 5, 2014 (R. 385).

[12] Dec. 5, 2014 (R. 385).

[13] Sept. 10, 2014 (R. 214); Dec. 5, 2014 (R. 385).

[14] Sept. 10, 2014 (R. 214); Dec. 5, 2014 (R. 385).

[15] Sept. 10, 2014 (R. 212); Dec. 5, 2014 (R. 385).

[16] Sept. 10, 2014 (R. 212; Dec. 5, 2014 (R. 385).

[17] June 15, 2016 (R. 49); Sept. 10, 2014 (R. 212, 215).

[18] Sept. 10, 2014 (R. 215).

[19] Sept. 10, 2014 (R. 216).

[20] Aug. 18, 2011 (R. 336); Sept. 28, 2011 (R. 338); Feb. 16, 2012 (R. 334); July 18, 2011 (R. 311); Feb. 16, 2012 (R. 309); Mar. 2, 2012 (R. 332); Mar. 20, 2012 (R. 308); June 2, 2012 (R. 294); July 24, 2012 (R. 293); Dec. 13, 2012 (R. 286); Mar. 15, 2013 (R. 283); July 17, 2014 (R. 270); Sept. 10, 2014 (R. 212, 215); Dec. 5, 2014 (R. 386); Mar. 12, 2015 (R. 641); June 15, 2016 (R. 49).

[21] July 26, 2011 (R. 471, 562, 566); June 19, 2012 (R. 265); July 24, 2012 (R. 293); Dec. 13, 2012 (R. 286); June 27, 2013 (R. 276); Apr. 12, 2014 (R. 648); July 17, 2014 (R. 270); Sept. 10, 2014 (R. 212, 215); Dec. 5, 2014 (R. 386); Aug. 13, 2015 (R. 654); Dec. 16, 2015 (R. 651); June 15, 2016 (R. 49, 50).

office and continued to work.[22]

"The medical evidence failed to show any significant limitations on [his] activities." *Manzano v. Berryhill*, No. 4:16-CV-3496, 2018 WL 1518558, at *5 (S.D. Tex. Mar. 28, 2018) (citation omitted); *see also Melendez v. Colvin*, No. H-13-3605, 2014 WL 4167499, at *6 (S.D. Tex. Aug. 20, 2014) (affirming denial of social security benefits where claimant could handle several ADLs, despite impairments including depression and obesity); *accord Harris v. Colvin*, No. H-13-2893, 2014 WL 12540446, at *6 (S.D. Tex. June 12, 2014) (same).

### 2. Plaintiff's conditions were under control with treatment.

The ALJ also relied heavily on the fact that Plaintiff's depression appears to be under control with treatment and medication. R. 21-22. Evidence in the record supports this determination. Plaintiff visited his psychiatrist, Dr. Suppatkul, on average every two to three months between 2011 and 2016, and sometimes more

---

[22] Feb. 16, 2012 (R. 309); Mar. 2, 2012 (R. 332); Mar. 20, 2012 (R. 308); Mar. 22, 2012 (R. 302); Mar. 15, 2013 (R. 283). Although Plaintiff testified that he did not work after the onset date, R. 35-36, the ALJ found these references in the medical records to be contrary to his testimony, R. 22. The ALJ gave Plaintiff the benefit of the doubt that his work did not amount to substantial gainful activity. R. 17-18, 22. However, the ALJ noted that continued employment while making a claim for disability was inconsistent with being in disabling pain. R. 22.

13

frequently.[23] He also occasionally spoke with her by phone.[24]

Plaintiff took prescription medications for his depression, ADHD, and hypertension, and on occasion his medications were adjusted as necessary.[25] He was typically compliant with his medications.[26] He also uses a CPAP machine for sleep apnea.[27] Regarding his mental health, on several occasions, he reported feeling

---

[23] May 19, 2011 (R. 319); June 2, 2011 (R. 318); June 8, 2011 (R. 316); June 23, 2011 (R. 314); July 8, 2011 (R. 312); July 18, 2011 (R. 311); Oct. 13, 2011 (R. 310); Feb. 16, 2012 (R. 309); Mar. 20, 2012 (R. 308); Apr. 11, 2012 (R. 299); May 10, 2012 (R. 297); June 2, 2012 (R. 294); July 24, 2012 (R. 293); Oct. 23, 2012 (R. 289); Dec. 13, 2012 (R. 286); Mar. 15, 2013 (R. 283); June 27, 2013 (R. 276); Sept. 19, 2013 (R. 275); Dec. 19, 2013 (R. 273); Mar. 27, 2014 (R. 272); Apr. 12, 2014 (R. 648); June 19, 2014 (R. 271); July 17, 2014 (R. 270); Sept. 10, 2014 (R. 267); Mar. 12, 2015 (R. 641); May 12, 2015 (R. 640); Aug. 13, 2015 (R. 654); Nov. 12, 2015 (R. 652); Dec. 16, 2015 (R. 651); Feb. 16, 2016 (R. 649).

[24] July 6, 2011 (R. 313); May 2, 2012 (R. 298); Dec. 1, 2013 (R. 274).

[25] Nov. 24, 2010 (R. 350); Mar. 30, 2011 (R. 348); Apr. 4, 2011 (R. 346); June 2, 2011 (R. 318); June 8, 2011 (R. 316); June 23, 2011 (R. 314); July 11, 2011 (R. 342); July 15, 2011 (R. 344); Aug. 1, 2011 (R. 340); Sept. 28, 2011 (R. 336); Feb. 16, 2012 (R. 334); Mar. 2, 2012 (R. 330); Mar. 20, 2012 (R. 308); Apr. 11, 2012 (R. 299, 300); May 10, 2012 (R. 296-97); June 2, 2012 (R. 294-95); July 24, 2012 (R. 292-93); Sept. 10, 2012 (R. 291); Oct. 23, 2012 (R. 289-90); Nov. 26, 2012 (R. 288); Dec. 13, 2012 (R. 287); Jan. 31, 2013 (R. 285); Mar. 15, 2013 (R. 283-84); Dec. 19, 2013 (R. 273); Mar. 27, 2014 (R. 272); July 17, 2014 (R. 270); Sept. 10, 2014 (R. 267); Sept. 11, 2014 (R. 375); Dec. 1, 2014 (R. 360); Mar. 12, 2015 (R. 641); May 15, 2015 (R. 636); Feb. 10, 2016 (R. 729); Feb. 16, 2016 (R. 642).

[26] June 2, 2011 (R. 318); June 8, 2011 (R. 316); Oct. 23, 2012 (R. 289); Mar. 15, 2013 (R. 283); Dec. 19, 2013 (R. 273); Mar. 27, 2014 (R. 272); Apr. 12, 2014 (R. 648); July 17, 2014 (R. 270); May 12, 2015 (R. 640); Aug. 13, 2015 (R. 654); Nov. 12, 2015 (R. 652); Dec. 16, 2015 (R. 651);

[27] R. 732.

somewhat better or at least okay,[28] decrease in some negative symptoms,[29] or that medications helped him.[30] Dr. Suppatkul observed on several occasions that Plaintiff tolerated his medication.[31] On one occasion, Plaintiff even reported he felt he did not need his ADHD medication.[32] In addition, he has successfully battled his alcohol dependence, has been sober for several years,[33] and regularly attends AA meetings[34] and speaks with his sponsors[35] to prevent relapse.

Where medication can remedy a medical condition, the impairment cannot serve as a basis for a finding of disability. *See Sajadi v. Colvin*, No. 4:14-CV-1885, 2015 WL 12570842, at *9 (S.D. Tex. July 17, 2015) (ALJ's denial of benefits was supported by substantial evidence where claimant had prescription medication for

---

[28] June 2, 2011 (R. 318); June 23, 2011 (R. 314); July 6, 2011 (R. 313); Oct. 13, 2011 (R. 310); Apr. 11, 2012 (R. 299); July 24, 2012 (R. 293); Mar. 15, 2013 (R. 283); Sept. 10, 2014 (R. 267); Mar. 12, 2015 (R. 641); Dec. 16, 2015 (R. 651);

[29] June 2, 2011 (R. 318); June 23, 2011 (R. 314); Oct. 13, 2011 (R. 310); Apr. 11, 2012 (R. 299); June 2, 2012 (R. 294); July 24, 2012 (R. 293); Dec. 19, 2013 (R. 273); June 19, 2014 (R. 271); Nov. 12, 2015 (R. 652); Dec. 16, 2015 (R. 651);

[30] Dec. 13, 2012 (R. 286); Dec. 19, 2013 (R. 273); Mar. 12, 2015 (R. 641); Nov. 12, 2015 (R. 652);

[31] June 2, 2011 (R. 318); June 8, 2011 (R. 316); June 23, 2011 (R. 314); Dec. 19, 2013 (R. 273); Nov. 12, 2015 (R. 652).

[32] Mar. 15, 2013 (R. 283).

[33] R. 257.

[34] Aug. 18, 2011 (R. 336); Sept. 28, 2011 (R. 338); Feb. 16, 2012 (R. 334); July 18, 2011 (R. 311); Feb. 16, 2012 (R. 309); Mar. 2, 2012 (R. 332); Mar. 20, 2012 (R. 308); June 2, 2012 (R. 294); July 24, 2012 (R. 293); Dec. 13, 2012 (R. 286); Mar. 15, 2013 (R. 283); July 17, 2014 (R. 270); Sept. 10, 2014 (R. 212, 215); Dec. 5, 2014 (R. 386); Mar. 12, 2015 (R. 641); June 15, 2016 (R. 49).

[35] July 26, 2011 (R. 471, 562, 566); June 19, 2012 (R. 265); Apr. 12, 2014 (R. 648); June 15, 2016 (R. 49, 50).

depression that was effective) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1384 (5th Cir. 1988)); *see also Muniz v. Astrue*, No. 4:13-CV-2002, 2014 WL 2441209, at *10 n.5 (S.D. Tex. May 30, 2014) ("[I]f an impairment reasonably can be remedied or controlled by medication or therapy, it cannot serve as a basis for a finding of disability.") (quoting *Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988)).

### 3. Many of Plaintiff's mental status examinations were essentially normal.

The ALJ noted that on numerous occasions, Plaintiff's clinical evaluations were normal neurologically and thus the medical records were inconsistent with the opinions of examining doctors, including his treating psychiatrist. R. 21-23; *see Nevarez v. Colvin*, No. M-15-313, 2016 WL 3636260, at *5, 7 (S.D. Tex. May 2, 2016) (denial of benefits was supported by substantial evidence where claimant's mental status examinations were mostly normal, aside from depressed mood and affect), *report and recommendation adopted*, 2016 WL 3544820 (S.D. Tex. June 28, 2016). While Plaintiff undoubtedly experienced consistent depression and distress, the medical records reflect that doctors observed on numerous occasions that his other cognitive abilities were essentially normal:

1. Although Plaintiff typically appeared with a sad mood and congruent affect, Dr. Suppatkul consistently noted his behavior was cooperative, his cognition was alert, he had a goal directed thought process, and he had intact insight and judgment.[36] Dr. Suppatkul frequently observed

---

[36] May 19, 2011 (R. 322); June 2, 2011 (R. 318); June 8, 2011 (R. 316); June 23, 2011 (R. 314); July 8, 2011 (R. 312); Oct. 13, 2011 (R. 310); Feb. 16, 2012 (R. 309); Mar. 20, 2012 (R. 308); Apr. 11, 2012 (R. 299); May 10, 2012 (R. 297); June 2, 2012 (R. 294); July 24, 2012 (R. 293);

Plaintiff's mood improved, he was stable, or he was at least "okay."[37]

2. On August 18, 2011, Plaintiff's treating internist, Dr. Ott, noted Plaintiff's mood/affect was "much calmer." R. 339.

3. On March 26, 2012, Plaintiff's examining psychologist, Dr. Tarbox, observed that Plaintiff arrived promptly, his thoughts were generally goal-directed, he was not easily fatigued, and his level of effort and motivation were adequate. R. 303. On neurological testing, Plaintiff performed average or even superior on most of the tests. R. 304-05. While the results suggested ADHD and depression, Dr. Tarbox concluded they "do not show any major cognitive impairment." R. 305-06.

4. On December 1, 2014, Plaintiff's treating physician, Dr. Jain, noted Plaintiff had good judgment; had a normal mood and affect; was active and alert; was oriented to time, place, and person; reported no irritability; and his recent and remote memory were normal. R. 361-62.

5. On December 5, 2014, consultative examining psychiatrist, Dr. Capitaine, observed Plaintiff was cooperative and attentive; he answered all questions asked; his stream of mental activity was appropriate; he was able to follow directions and answer questions; and he was oriented to person, time, place, and situation. R. 384-85. Plaintiff's remote and recent memory were average, his immediate memory was appropriate, his concentration was average, his abstracting ability was appropriate, he had fair judgment, high insight, and average intellectual functioning. R. 385. Dr. Capitaine concluded Plaintiff's prognosis is fair. R. 386.

6. On two occasions, Plaintiff's treating physician, Dr. McFarland, observed Plaintiff's mood and affect were normal.[38]

---

Oct. 23, 2012 (R. 289); Dec. 13, 2012 (R. 286); Mar. 15, 2013 (R. 283); June 27, 2013 (R. 276); Sept. 19, 2013 (R. 275); Dec. 19, 2013 (R. 273); Mar. 27, 2014 (R. 272); Apr. 12, 2014 (R. 648); June 19, 2014 (R. 271); July 17, 2014 (R. 270); Sept. 10, 2014 (R. 267); Mar. 12, 2015 (R. 641); May 12, 2015 (R. 640); Aug. 13, 2015 (R. 654); Nov. 12, 2015 (R. 652); Dec. 16, 2015 (R. 651); Feb. 16, 2016 (R. 649).

[37] June 2, 2011 (R. 318); April 11, 2012 (R. 299); May 10, 2012 (R. 297); June 2, 2012 (R. 294); March 15, 2013 (R. 283); Dec. 19, 2013 (R. 273); July 17, 2014 (R. 270); Sept. 10, 2014 (R. 267); Aug. 13, 2015 (R. 654); Dec. 16, 2015 (R. 651).

[38] Jan. 27, 2016 (R. 733); Feb. 10, 2016 (R. 729); Mar. 9, 2016 (R. 723).

7. State agency non-examining consultative physicians and psychologists also found Plaintiff was not disabled, R. 61-71, 74-87, though the ALJ found Plaintiff had more limitations than they did, R. 23.

Significantly, Dr. Tarbox noted Plaintiff's responses to one test "could indicate 'faking bad'" and "suggests the possible exaggeration of existing problems." R. 306. Indeed, the ALJ found Plaintiff's subjective complaints to be inconsistent with the medical evidence, R. 22, and "we are not well positioned to second-guess that credibility determination so long as the ALJ's ultimate finding was supported by substantial evidence." *Hardman*, 820 F.3d at 146, 148 (refusing to "second-guess" the ALJ's credibility determination where ALJ did not credit claimant's testimony about alleged illiteracy where claimant was "unable or unwilling" to recite the alphabet and made no effort to count or spell short words).

There is substantial evidence supporting the ALJ's finding that Plaintiff's alleged severity of symptoms and medical opinions finding Plaintiff was unable to work were not fully supported by the medical evidence. "[E]videntiary conflicts are for the Commissioner, not the courts, to resolve." *Guerra v. Colvin*, No. M-15-038, 2016 WL 1166337, at *10 (S.D. Tex. Feb. 5, 2016) (citing *Brown*, 192 F.3d at 496), *report and recommendation adopted*, 2016 WL 1223319 (S.D. Tex. Mar. 23, 2016).

### 4. **Substantial evidence supports the Commissioner's decision.**

There is no doubt from the evidence that Mr. Buckle suffers from depression, his recovery from alcohol dependence requires ongoing effort and adherence to his

AA meetings and sponsor support, and he has some limitations as a result of his mental impairments and obesity. Indeed, the ALJ found he had severe impairments including depression and obesity and incorporated relevant limitations into his residual functional capacity. R. 18, 20. However, there is substantial evidence supporting the ALJ's decision that Mr. Buckle is not disabled, even considering the new evidence he submitted.[39] "This is not a case where the new evidence dilutes the record to the point where substantial evidence no longer supports the ALJ's decision or is so inconsistent with the ALJ's opinion that it undermines the ultimate disability determination." *Hernandez v. Colvin*, No. 3:15-CV-175, 2016 WL 8711404, at *4 (W.D. Tex. July 29, 2016).[40] Thus, the Commissioner's decision should be affirmed.

## IV.
## CONCLUSION

For the foregoing reasons, the Commissioner's motion for summary judgment

---

[39] Dr. Strutt noted that Plaintiff handles his ADLs. ECF No. 15-2 at 2. She observed he had good insight, was alert, his affect was normal, and he was cooperative, polite, and friendly. *Id*. at 2-3. Dr. Strutt performed cognitive testing. While in some areas—such as immediate recall of auditory-verbal/contextual information—he performed borderline impaired or low average, on others—such as verbal comprehension, processing speed, and auditory attention—he performed average or even superior. *Id*. at 3. As part of an assessment of Plaintiff's ability to do work-related activities, Dr. Strutt indicated his ability to understand, remember, and carry out simple job instructions was "good;" and his ability to understand, remember, and carry out detailed but not complex job instructions was "fair." *Id*. at 7-9.

[40] *See, e.g., Andrews v. Astrue*, 917 F. Supp. 2d 624, 637, 638 (N.D. Tex. 2013) (affirming denial of social security benefits where psychological expert reported plaintiff was able to handle ADLs; got along well with family, friends, and neighbors; mental status exam findings were average in all except two categories; she was able to respond to prompts; her conversational flow was adequate; and she appeared only mildly impaired).

is **GRANTED**, and Mr. Buckle's motion for summary judgment is **DENIED**.

Mr. Buckle's claims are **DISMISSED with prejudice**.

Signed on November 26, 2018, at Houston, Texas.

_____
Dena Hanovice Palermo
United States Magistrate Judge